**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

UNITED STATES OF AMERICA,
for the use and benefit of
HIS CONSTRUCTORS, INC. and
HIS CONSTRUCTORS, INC.,

        Plaintiffs,

        v.                           CASE NO. 3:22-CV-00847-DRL-MGG

ROCKFORD CORPORATION and
LIBERTY MUTUAL INSURANCE
COMPANY,

        Defendants.

**OPINION and ORDER**

Ripe before the Court in this breach of contract action is a Motion to Change

Venue under 28 U.S.C. § 1404(a) filed by Defendants Rockford Corporation

("Rockford") and Liberty Mutual Insurance Company ("Liberty"). Rockford seeks

transfer to the United States District Court for the District of Alaska pursuant to the

forum-selection clause in a 2016 subcontract between Rockford and Plaintiff HIS

Constructors, Inc. ("HIS").  HIS objects, contending that the form-selection clause is

void under Indiana law. For the reasons discussed below, the Court finds that transfer

is warranted.

I.     **RELEVANT BACKGROUND**

In 2015, Rockford entered a general contract with the United States Army Corps

of Engineers for the construction of a hydrant fuel system at the Grissom Air Reserve

Base in Peru, Indiana ("the Project"). Liberty provided a labor and materials payment

bond to Rockford in compliance with the Miller Act, 40 U.S.C. §§ 3101 *et seq.* On

February 26, 2016, Rockford and HIS entered a subcontract whereby HIS agreed to

complete construction work for the Project (the "Subcontract"). The Subcontract

contained the following venue clause:

> 7.2 LAW AND VENUE This Subcontract shall be considered to have been
> made in and shall be interpreted under the laws of the State of Alaska.
> **The venue for any lawsuit arising out of the Subcontract or the work
> hereunder shall be Anchorage, Alaska or, at Contractor's sole discretion,
> the location of the project**, and all proceedings shall be strictly in
> accordance with the laws of the State of Alaska except that the parties
> agree that any Civil Rules or statutes allowing attorney's fees or costs shall
> not apply to any dispute between the parties. (Referred to herein as
> "Subcontract Venue Clause").

[DE 16, at 2 (emphasis added)].

The Project was scheduled for a ten-month duration but was not completed until

several years later, in April 2021. HIS sought payment from Rockford for additional

work performed and for additional costs related to Project delays. Rockford rejected

HIS's claim, prompting HIS to file the instant action for breach of contract. HIS argues

that, despite the Subcontract's venue clause, this Court is the appropriate venue under

the Miller Act. *Id.* at § 3131.

In response, Rockford filed the instant transfer motion on November 18, 2022,

contending that transfer to the District of Alaska is appropriate under 28 U.S.C. §

1404(a) and in accordance with the Subcontract's venue clause. [DE 15]. Relying on the

Supreme Court's analysis in *Atlantic Marine*, Rockford explains that the parties' forum-

selection clause should be given controlling weight, making transfer under § 1404(a)

appropriate. [*See* DE 16 at 5 (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013))].

HIS filed a brief opposing transfer on December 8, 2022, contending that the Subcontract's forum-selection clause is not valid under Indiana Code § 32-28-3-17.[1] [DE 18]. With no valid forum selection clause, HIS thus argues that the Northern District of Indiana is the exclusive proper venue under the Miller Act. This motion became ripe on December 15, 2022, when Rockford filed its reply in support of transfer.

## II.    ANALYSIS

HIS brought this action under the Miller Act, 40 U.S.C. §§ 3101 *et seq.* The Miller Act requires construction contractors to secure payment bonds to guarantee payment to all subcontractors if the contractor fails to fulfill its obligations to pay the subcontractors directly. *See id.* The Miller Act creates a federal cause of action, and "the scope of remedy as well as the substance of the rights created thereby is a matter of federal not state law." *F. D. Rich Co. v. U. S. for Use of Indus. Lumber Co.*, 417 U.S. 116, 127 (1974). The Miller Act also requires that civil actions "must be brought . . . in the United States

---

[1]HIS's response brief was untimely, as HIS filed its response brief 21 days after the Rockford's transfer motion was filed despite the 14-day timeframe for response briefs afforded in this Court's local rules. *See* N.D. Ind. L.R. 7-1(d)(3). The Court's local rules do provide that responses to any motions filed pursuant to Fed. R. Civ. P. 12, including a motion asserting improper venue as an affirmative defense, may be made within 21 days. *See* N.D. Ind. L.R. 7-1(d)(2). However, the Court cannot find that that HIS's response is timely under this provision because Rockford's motion does not invoke Fed. R. Civ. P. 12(b)(3). *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59, 134 S. Ct. 568, 579, 187 L. Ed. 2d 487 (2013) ("Although a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a).") Despite this, Rockford did not challenge the timeliness of HIS's response brief. In the interest of ruling on the merits of the arguments rather than technicalities, the Court will consider HIS's response despite its untimeliness. *See Foman v. Davis*, 371 U.S. 178, 181 (1962).

District Court for any district in which the contract was to be performed and executed . .

. .” 40 U.S.C. § 3133.

### A. Applicability of I.C. § 32-28-3-17 to the Subcontract

HIS asserts that Indiana Code § 32-28-3-17 voids the forum-selection clause in the

Subcontract, leaving them no choice but to file in this Court in accordance with the

Miller Act. However, the Court cannot find that this provision voids the Subcontract's

forum-selection clause for two reasons. First, it is a part of Indiana's mechanic's lien

statutes, which do not apply to construction projects on public lands. Second, transfer

under 28 U.S.C. § 1404(a) is a federal question and not a matter of state law.

Indiana Code § 32-28-3-17 provides that:

> A provision in a contract for the improvement of real estate in Indiana is
> void if the provision:
> (1)     makes the contract subject to the laws of another state; or
> (2)     requires litigation, arbitration, or other dispute resolution process
>         on the contract to occur in another state.

Rockford first contends that this statute does not apply to the parties'

Subcontract because it concerned a construction project on public land. Although the

Seventh Circuit has not yet addressed the application of Indiana's mechanic's lien

statutes to public lands, Rockford directs this Court to *United States v. TolTest*, No. 1:08-

CV-1004WTLJMS, 2009 WL 1507579 (S.D. Ind. May 27, 2009). In *TolTest,* the court

addressed the application of Indiana Code § 32-28-3-17 to a construction project on

federal land. Notably, in *TolTest*, the parties entered a similar subcontract for a project at

Camp Atterbury, a federal facility located in Edinburgh, Indiana.  2009 WL 1507579, at

*1. After disputes arose, the subcontractor filed suit and the defendant moved to

dismiss the case for lack of personal jurisdiction and improper venue based upon the

parties' forum-selection clause. *Id.* The court interpreted the defendant's motion as

asking the court to enforce the parties' forum-selection clause in the subcontract. *Id.* In

response to the defendant's motion to dismiss, the plaintiff – like the plaintiff here –

argued that Indiana Code § 32-28-3-17 invalidated the parties' forum-selection clause.

2009 WL 1507579, at *2. However, the court disagreed, holding that Indiana's

mechanic's lien provisions do not apply to projects for the improvement of public

property. *Id.*  (citing *J.S. Sweet Co. v. White Cnty. Bridge Comm'n*, 714 N.E.2d 219, 223

(Ind. Ct. App. 1999)).[2]  The court cited Indiana caselaw to show that mechanic's liens

"have not been permitted to attach to public property held for public use." *City of*

*Evansville v. Verplank Concrete & Supply, Inc.*, 400 N.E.2d 812, 816 (Ind.Ct.App.1980).

Accordingly, the court granted the defendant's motion to dismiss for lack of personal

jurisdiction and improper venue, holding that Indiana Code § 32-28-3-17 did not

invalidate the forum selection clause in the subcontract and that the clause was

enforceable.

HIS does not challenge the substance of *United States v. TolTest*. Instead, HIS only

contends that the case "has no precedential value" in the instant action. [DE 18 at 16, n.

3]. Though *TolTest* is not binding precedent, it is factually very similar to the instant

action and is therefore instructive. Further, it is "entirely proper practice for district

---

[2] HIS actually points out that because the Project was on public property, HIS was unable to secure a "valid and enforceable mechanic's lien against the property" further supporting the contention that these provisions do not apply to invalidate the Subcontract. [DE 18, at 3 (citing *J.S. Sweet Co. v. White Cnty. Bridge Comm'n*, 714 N.E.2d 219, 223 (Ind. Ct. App. 1999)).

judges to give deference to persuasive opinions by their colleagues." *TMF Tool Co., Inc. v. Muller*, 913 F.2d 1185, 1191 (7th Cir. 1990). As such, consistent with *TolTest* and Indiana caselaw, the Court finds that Indiana's mechanic's lien statute does not apply to void the parties' forum-selection clause here.

HIS has also argued that Indiana Code § 32-28-3-17, not federal law, governs the Subcontract and must be used to determine the validity of the forum-selection clause in this case in the first place. Specifically, HIS contends that because the Indiana mechanic's lien statute is not preempted expressly by federal law, by an extensive field of legislation, or by conflict, it is consistent with the regulatory scheme outlined in the Miller Act and is applicable in this case.[3] [DE 18, at 6–12]. The Court acknowledges that there is disagreement between circuits on whether to apply state or federal law in determining the validity of a forum-selection clause. *See IFC Credit Corp. v. Aliano Bros. Gen. Contractors*, 437 F.3d 606, 608–609 (7th Cir. 2006) (discussing the different approaches). And while the Supreme Court in *Atlantic Marine* denoted specific factors to consider in ruling on transfer motions pursuant to § 1404(a), that case also presupposed a valid forum-selection clause. 134 S. Ct. at 581 n.5.

However, *Stewart Org., Inc. v. Ricoh Corp.*, decided that the "first question for consideration . . . [is] whether § 1404(a) itself controls [the movant's] request to give effect to the parties' contractual choice of venue." 487 U.S. 22, 29 (1988). In that case, the Court held that § 1404(a) itself, the venue transfer statute, embodied Congress' directive

---

[3] As explained by Rockford, whether or not state law governs contracts based on federal property, specifically military bases, requires significant research and analysis under the Enclave Doctrine. [DE 19, at 4 n. 1]. In this case, precedential case law already requires federal law to govern in this case.

to apply federal law to motions for transfer. *Id.* at 30–32. Accordingly, application of

state policy "would impoverish the flexible and multifaceted analysis that Congress

intended to govern motions to transfer within the federal system." *Id.* at 31. Considering

§ 1404(a)'s relationship to a forum-selection clause, the Supreme Court held, and the

Seventh Circuit has reinforced, that a forum-selection clause must be given "controlling

weight in all but the most exceptional circumstances." *Atl. Marine*, 571 U.S. at 63; *see also*

*In re Ryze Claims Sols., LLC*, 968 F.3d 701, 704–5 (7th Cir. 2020) ("We must give

controlling weight in all but the most exceptional cases."). Therefore, the validity of the

forum-selection clause, in this case, is governed by federal law, and analysis under §

1404(a) is appropriate.

     **B.**     **28 U.S.C. § 1404(a) Analysis**

Finding unpersuasive HIS's arguments that the Subcontract's forum-selection

clause is not valid under Indiana law, the Court now considers Rockford's motion to

transfer under 28 U.S.C. § 1404(a).[4]

---

[4] HIS does not dispute the contention that the Miller Act's venue requirements can be waived when a forum-selection clause is valid. Although this Circuit has not addressed this issue, other circuits have explicitly found that the Miller Act's venue requirement is waivable through a valid contractual forum-selection clause. *See, e.g.*, *U.S. for Use of B & D Mech. Contractors, Inc. v. St. Paul Mercury Ins. Co.*, 70 F.3d 1115, 1117 (10th Cir. 1995) (agreeing with other circuits in holding that "a valid forum selection clause supersedes the Miller Act's venue provision"); *FGS Constructors, Inc. v. Carlow*, 64 F.3d 1230, 1233 (8th Cir. 1995) (holding that defendants did not have the right to override plaintiff's choice of forum under the forum-selection clause); *In re Fireman's Fund Ins. Companies, Inc.*, 588 F.2d 93, 95 (5th Cir. 1979) (holding that the Miller Act venue requirement, which was enacted for the benefit of defendants, can be waived by a valid forum-selection clause). Of course, decisions from other circuits are not given automatic deference. "[W]ithin reason, the parties to cases before us are entitled to our independent judgment." *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir. 1987). However, it is within the discretion of the Court "to consider what other circuits are doing and adopt a consistent ruling." *United States v. $183,026.36 in U.S. Currency*, No. 2:13-CV-344-TLS-JEM, 2014 WL 3734172, at *3 (N.D. Ind. July 29, 2014) (citing *Colby v. J.C. Penney Co., Inc.*, 811 F.2d at 1123 ("Bearing in mind the interest in maintaining a reasonable uniformity of federal law and in sparing the Supreme Court the burden of taking cases merely to resolve conflicts between circuits, we give most respectful consideration to the decisions of the other

Pursuant to 28 U.S.C. § 1404(a), a federal district court may transfer any civil action to any other district for the convenience of the parties and witnesses and in the name of justice, if venue is proper in both courts. Therefore, the typical § 1404(a) transfer analysis involves a balancing of private and public interests through separate inquiries into (1) proper venue in the transferor and transferee courts; (2) the convenience of parties and witnesses; and (3) the interest of justice. *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The burden is on the movant to show that transfer is warranted. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). However, the statute allows for a "flexible and individualized" analysis of the unique issues raised in a particular civil action, which therefore places considerable discretion in the transferor court when deciding whether transfer is appropriate. *Research Automation*, 626 F.3d at 977–78 (citing *Stewart Org., Inc. v. Ricoh Corp., et al.*, 487 U.S. 22, 29 (1988)). Notably, "when the inconvenience of the alternative venues is comparable there is no basis for a change of venue[.]" *Scottsdale Ins. Co. v. PMG Indus., LLC*, No. 2:16-CV-373-RLM-PRC, 2016 WL 7228796, at *2 (N.D. Ind. Dec. 14, 2016) (citing *In re Nat'l Presto Indus.*, 347 F.3d 662, 665 (7th Cir. 2003)).

The transfer calculus changes, however, when the parties enter a contract that includes a forum-selection clause reflecting their pre-suit agreement as to the most proper forum for the resolution of their disputes. *Atl. Marine*, 571 U.S. at 63. "The

---

courts of appeals and follow them whenever we can.")). Accordingly, with HIS only challenging the validity of the parties' forum-selection clause, the Court finds no reason that it cannot follow the decisions of these other circuits holding that the Miller Act's venue requirements may be waived.

enforcement of valid forum-selection clauses, bargained for by the parties, protects their

legitimate expectations and furthers vital interests of the justice system." *Id.* (internal

quotations and citations omitted). Therefore, "a valid forum-selection clause should be

given controlling weight in all but the most exceptional cases." *Id.* The *Atlantic Marine*

Court further outlined a modified § 1404(a) analysis for cases where all parties to the

case are parties to a valid forum-selection clause.

First, as the party defying the forum-selection clause, the "plaintiff bears the

burden of establishing that transfer to the forum for which the parties bargained is

unwarranted." *Id.* at 63. Second, "a court evaluating a defendant's § 1404(a) motion to

transfer based on a forum-selection clause should not consider arguments about the

parties' private interests." *Id.* at 64.  Likewise, "[w]hatever 'inconvenience' the parties

would suffer by being forced to litigate in the contractual forum . . . was clearly

foreseeable at the time of contracting." *Id.*  Third and finally, "when a party bound by a

forum-selection clause flouts its contractual obligation and filed suit in a different

forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-

law rules . . . ." *Id.* at 64–65. This factor can affect public-interest considerations. *Id.* at 65.

In this action, *Atlantic Marine's* modified § 1404(a) analysis shows that the forum-

selection clause in the Subcontract should control. First, as the party defying the forum-

selection clause, HIS "bears the burden of establishing that transfer to the forum for

which the parties bargained is unwarranted." *Atl. Marine,* 571 U.S. at 63. Ordinarily,

plaintiffs are allowed to bring suit in whatever jurisdiction they find most

advantageous; however, when a plaintiff agrees by contract to a specific forum, the

"plaintiff has effectively exercised its 'venue privilege' before a dispute arises." *Id.* HIS did not bear its burden of establishing why transfer to the forum agreed upon in the Subcontract is unwarranted. The Miller Act's venue requirement was waived upon bilateral agreement to the Subcontract, and federal law, not Indiana state law, governs the Subcontract and presumes valid the forum-selection clause. Therefore, neither of HIS' arguments is persuasive, and venue in Alaska is proper.

Second, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 64. The Court stated that "[w]hatever 'inconvenience' the parties would suffer by being forced to litigate in the contractual forum . . . was clearly foreseeable at the time of contracting." *Id.* HIS did not assert any private interest arguments in this case and as the party acting contrary to the forum-selection clause, HIS must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer. HIS did not bear that burden, either.

Third and finally, "when a party bound by a forum-selection clause flouts its contractual obligation and filed suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules . . . ." *Id.* at 64–65. This factor can affect public-interest considerations. *Id.* at 65. In this case, public interest is in favor of giving controlling weight to the forum-selection clause of the Subcontract which requires venue for all lawsuits arising out of the contract to be brought in Alaska, subject to Alaska state law.

When, as here, "parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Id.* at 66. "A forum-selection clause, after all, may have figured centrally in the parties' negotiations . . . In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *Id.*

When parties have agreed upon a "valid forum-selection clause . . . [o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 62. HIS has failed to show that any extraordinary circumstances exist in this case. As such, transfer to the District of Alaska is warranted.

III.   CONCLUSION

For the reasons stated above, this Court **GRANTS** Rockford's motion to transfer to the District of Alaska. [DE 15].

**SO ORDERED** this 19th day of April 2023.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge